# IN THE COURT OF APPEALS OF IOWA

No. 14-2153
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DESIRAE MONIQUE PEARSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Cynthia H. Danielson, Judge.

        Desirae Pearson appeals the sentence imposed on four class "B" felony convictions for offenses she committed when she was under the age of eighteen. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., Potterfield, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Desirae Pearson appeals the sentence imposed on four class "B" felony convictions for offenses she committed when she was under the age of eighteen. She contends the trial court failed to exercise its discretion in imposing the sentence. We review Pearson's sentence for correction of errors at law but will not reverse absent an abuse of discretion or defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## I.    BACKGROUND FACTS AND PROCEEDINGS.

Pearson's convictions stem from two separate home invasions committed on November 25, 2010, when she was seventeen years old. She was convicted by a jury of one count of first-degree burglary and one count of first-degree robbery for each home invasion, and was sentenced to serve an indeterminate term of incarceration of no more than twenty-five years for each conviction. The burglary and robbery sentences for each home invasion were ordered to run concurrently to each other but consecutively to the sentences from the other home invasion. Additionally, Pearson was required to serve at least seventy-percent of her sentence on each robbery conviction—a total of thirty-five years—before she could be eligible for parole.

Pearson appealed, and this court upheld her sentence. *State v. Pearson*, No. 11-1214, 2012 WL 3194101, at *4-5 (Iowa Ct. App. Aug. 8, 2012). On further review, our supreme court held Pearson's sentence of thirty-five years without the possibility of parole for the crimes involved here violates the Iowa Constitution's prohibition on cruel and unusual punishment. *State v. Pearson*, 836 N.W.2d 88, 89 (Iowa 2013). Accordingly, it vacated Pearson's sentence and

remanded for resentencing.[1]  *Id.*  After a December 2014 resentencing hearing, the district court imposed the original sentence but with immediate parole eligibility.  It is from this resentencing order that Pearson appeals.

## II.    ANALYSIS.

Pearson first contends the district court erred in failing to resentence her under Iowa Code section 901.5(14) (2013), which permits the court to suspend, in whole or in part, a sentence imposed on a public offense committed by a person under the age of eighteen that is not a class "A" felony.  If the court had the discretion to suspend Pearson's sentence in whole or in part but erroneously believed it had no discretion, the failure to exercise its discretion would require remand for resentencing.  *See State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997). The State offers two grounds for rejecting Pearson's argument.  First, it alleges the provisions of section 901.5(14) do not apply to Pearson because it became effective after she was originally sentenced in July 2011.  In the alternative, the State claims the trial court considered and rejected the options set forth in section 901.5(14).

---

[1] The supreme court remanded Pearson's case for individualized resentencing under the standards set forth in *Miller v. Alabama*, 132 S. Ct. 2455, 2467-68 (2014) (applying to juvenile offenders facing a sentence of life imprisonment without possibility of parole), and *State v. Null*, 836 N.W.2d 41, 74-75 (Iowa 2013) (interpreting the Iowa Constitution to extend the *Miller* holding to apply to juvenile offenders who face lengthy sentences as a result of aggregate sentences), noting the district court did not have the benefit of either holding when it originally sentenced Pearson.  *Pearson*, 836 N.W.2d at 97.  The United States Supreme Court has recently confirmed the *Miller* holding applies retroactively to cases on collateral review. *Montgomery v. Louisiana*, ___ U.S. ___, No. 14-280, 2016 WL 280758, at *11 (2016).  After Pearson's appeal was decided and before her resentencing, our supreme court decided *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014), holding that all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the Iowa Constitution.  At the resentencing hearing, the trial court acknowledged the applicability of *Lyle* and resentenced Pearson in accordance with the holdings of *Lyle*, *Miller*, and *Null*.

The record shows the trial court believed it had the discretion to impose a sentence under section 901.5(14). During the resentencing hearing, the court noted "the legislature subsequently changed the legislation to also indicate that the Court had the authority to ignore the mandatory minimum sentencing requirements *and to reach any sentence the Court felt appropriate* with regard to a juvenile offender." (Emphasis added.) This statement reflects the court's understanding that section 901.5(14) allowed it to suspend Pearson's sentence in whole or in part.

The record also shows the court properly exercised its discretion in imposing Pearson's sentence, including consecutive sentences. The court listed its reasons for the sentence at length in what comprises eight pages of the hearing transcript, noting Pearson was seventeen years and three months old at the time the crimes were committed and therefore lacked maturity, a sense of responsibility, and the ability to appreciate the consequences of her actions, making her less culpable for her crimes. However, the court determined Pearson was an active participant in the crimes and noted her lengthy history of involvement with the juvenile court since the age of nine, concluding the crimes she committed in November 2010 were not an isolated incident but were part of a "a string of incidents that occurred over a lengthy period of time." The court cited the victim impact statements and found that at the time the crimes were committed, Pearson "was resistant to any efforts and was going down the wrong path" and the possibility of rehabilitation "was simply unrealistic." Although the court found Pearson had failed to show remorse for her crimes at the time of her trial and sentencing, it noted Pearson's attitude had since changed, concluding

Pearson "does appear to have benefited from the structure and services provided" in prison and "is on the road to rehabilitation." However, the court noted it was "hard to know whether this would be the case had she remained in the community." The court then concluded that the correctional system's structured environment, programs, services, and specialized personnel afford Pearson "the greatest opportunity to be fully rehabilitated in a much shorter time," which will ideally allow her to safely return to society.

Pearson claims the court impermissibly relied on the victims' injuries in imposing its sentence, noting only one of the three victims had any physical contact with the defendants during the home invasions and had reported no injuries. In imposing its sentence, the court stated:

> The victims provided victim impact statements which were very moving as to the effect of having someone arrive at your door and pointing what appeared to be a firearm at them and told they would be shot if they refused to let them enter. The injuries to Mrs. Wright were particularly devastating to her and the Court had given that significant consideration and continues to do so.

The court made no claim all three victims received physical injuries; it simply noted the mental or emotional impact of being robbed at gunpoint and cited the injuries of one victim as "particularly devastating," presumably because they were the only physical injuries reported. Despite Pearson's claim, the physical injuries to the third victim was not the only reason the court gave for imposing consecutive sentences.

Pearson also complains the court failed to adequately consider her less culpable than her codefendant. The trial court rejected this claim, noting that Pearson and her codefendant were similar in age and susceptible to the urging of

others.  Therefore, the court concluded "it is difficult if not impossible to ultimately determine who was the instigator of these crimes."  The court was able to determine, however, that Pearson was an active and equal participant in the crime, knocking on the door of one of the victims, pointing a gun at him, and telling him she was there to rob him and would shoot him if he did not let her inside.  We find no error.

Because the court properly exercised its discretion in resentencing Pearson, we affirm.

**AFFIRMED.**